Matter of Bruzzese (2020 NY Slip Op 01495)





Matter of Bruzzese


2020 NY Slip Op 01495


Decided on March 4, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
HECTOR D. LASALLE, JJ.


2019-03080

[*1]In the Matter of Natalie Patricia Bruzzese, admitted as Natalie Patricia Alexis Bruzzese an attorney and counselor-at-law. (Attorney Registration No. 3050952)



The respondent, Natalie Patricia Bruzzese, was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 21, 2000, under the name Natalie Patricia Alexis Bruzzese. Pursuant to an application of the respondent, this Court issued an order dated June 13, 2014, changing her name on the roll of attorneys to Natalie Patricia Bruzzese. By order to show cause dated April 8, 2019, this Court directed the respondent to show cause why reciprocal discipline should not be imposed on her in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by an order of the Supreme Court of Florida dated February 14, 2019.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for Grievance Committee for the Tenth Judicial District.
Natalie Patricia Bruzzese, Lake Worth, Florida, respondent pro se (no affidavit filed).



PER CURIAM.


OPINION & ORDER
By order dated February 14, 2019, the Supreme Court of Florida suspended the respondent from the practice of law for three years based upon her Conditional Guilty Plea for Consent Judgment (hereinafter the Consent Judgment) in a Florida disciplinary proceeding and the Report of Referee Accepting Consent Judgment dated January 15, 2019 (hereinafter the Referee Report). The underlying facts, as revealed in the Referee Report, are as follows:
The respondent was admitted to the Florida Bar on October 20, 2004, and has no prior disciplinary record. Due to Hurricane Irma, the respondent was displaced from her home and chose to stay at a hotel in Osceola County. Following a disturbance at the hotel, the respondent was asked to leave and refused to do so in a timely manner. The police were called, the respondent was not cooperative, and she was taken into custody. As a result of this incident, on or about April 17, 2018, the respondent was charged with three crimes: (1) Florida Statutes Annotated §§ 784.03 and 784.07 (2)(b), battery on a law enforcement officer, a third degree felony; (2) Florida Statutes Annotated § 843.01, resisting an officer with violence, a third degree felony; and (3) Florida Statutes Annotated § 843.02, resisting an officer without violence, a first degree misdemeanor.
Following a jury trial, the respondent was found guilty of counts two and three. The court withheld adjudication as to count two. According to the Referee Report, the respondent "was sentenced to time served of [two] days, [three] years probation, and other special conditions."
Pursuant to Rules Regulating the Florida Bar rule 3-7.2(f), the Florida Bar filed a Notice of Determination or Judgment of Guilt on October 29, 2018, following the respondent's [*2]conviction. By Supreme Court of Florida order also dated October 29, 2018, the respondent was suspended from the practice of law and the matter was referred for the appointment of a referee. Subsequently, the respondent submitted the Consent Judgment which, inter alia, provided for a three-year suspension.
Upon review, the Referee recommended that the respondent be found guilty of violating Rules Regulating the Florida Bar rule 4-8.4(b) ("A lawyer shall not . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects"), and noted the following mitigation: the respondent's unblemished disciplinary record, the stress she was experiencing due to Hurricane Irma, her cooperation with the disciplinary board, her remorse, and that other penalties had been imposed. As to sanction, the Referee recommended a three-year suspension, payment of the Florida Bar's costs, and compliance with any recommendations made by Florida Lawyers Assistance, Inc.
By order dated February 14, 2019, the Supreme Court of Florida approved the uncontested Referee's Report, suspended the respondent from the practice of law for a period of three years, entered a judgment against the respondent in favor of the Florida Bar for costs in the sum of $1,250, and directed the respondent to comply with all other terms and conditions set forth in the Referee Report.
Although duly served with this Court's order to show cause dated April 8, 2019, and the papers upon which it was based, the respondent has neither interposed a response, nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.
Based on the misconduct underlying the February 14, 2019, order of the Supreme Court of Florida, we conclude that reciprocal discipline is warranted, and the respondent is suspended from the practice of law for a period of three years.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON, and LASALLE, JJ., concur.
ORDERED that the respondent, Natalie Patricia Bruzzese, admitted as Natalie Patricia Alexis Bruzzese, is suspended from the practice of law for a period of three years, commencing April 6, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 6, 2022. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, she (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Natalie Patricia Bruzzese, admitted as Natalie Patricia Alexis Bruzzese, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Natalie Patricia Bruzzese, admitted as Natalie Patricia Alexis Bruzzese, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Natalie Patricia Bruzzese, admitted as Natalie Patricia Alexis Bruzzese, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court